COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







EX PARTE: JOSE CARMONA

§
 
§
 
§
 
§
 
§

§


No. 08-09-00287-CR

Appeal from
 168th District Court

of El Paso County, Texas

(TC # 20070D01580)



 

 

 




O P I N I O N

            Jose Carmona appeals the trial court’s order denying his application for writ of habeas
corpus. We affirm.
FACTUAL SUMMARY
            A grand jury indicted Appellant for two counts of sexual assault and the case was tried to a
jury on July 30-31, 2008. On August 25, 2009, Appellant filed an application for writ of habeas
corpus on double jeopardy grounds alleging that the court declared a mistrial because the jury was
unable to reach a verdict. Appellant also asserted that the prosecutor made manifestly unfair
arguments by arguing matters outside of the record. Following a hearing, the trial court denied
Appellant’s request for habeas corpus relief. 
DOUBLE JEOPARDY
            In his sole issue, Appellant contends that the prosecutor intentionally provoked a mistrial by
making an improper final argument, and therefore, retrial of the case is barred by the Double
Jeopardy Clause. An applicant seeking habeas corpus relief must prove his claim by a
preponderance of the evidence. Kniatt v. State, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006);
Ex parte Morrow, 952 S.W.2d 530, 535 (Tex.Crim.App. 1997). In reviewing a trial court’s decision
on an application for writ of habeas corpus, we review the facts in the light most favorable to the trial
court’s ruling, and we will uphold the ruling absent an abuse of discretion. Kniatt, 206 S.W.3d at
664; Ex parte Peterson, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), overruled in part on other
grounds by Ex parte Lewis, 219 S.W.3d 335 (Tex.Crim.App. 2007).
            The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from
repeated prosecutions for the same offense. Oregon v. Kennedy, 456 U.S. 667, 671, 102 S.Ct. 2083,
2087, 72 L.Ed.2d 416 (1982); Ex parte Peterson, 117 S.W.3d at 810. Double jeopardy principles
do not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that: (1)
was justified under the manifest necessity doctrine; or (2) was requested or consented to by the
defense, absent prosecutorial misconduct which forced the mistrial. Oregon v. Kennedy, 456 U.S.
at 672, 102 S.Ct. at 2087; Peterson, 117 S.W.3d at 810-11. A mistrial declared by the trial court
after the jury declares it cannot reach a verdict is the prototypical example of manifest necessity. 
Oregon v. Kennedy, 456 U.S. at 672, 102 S.Ct. at 2087. As a general rule, when a mistrial is granted
at the defendant’s request, double jeopardy principles do not bar a retrial. Id., 456 U.S. at 672-73,
102 S.Ct. at 2088. The Fifth Amendment’s Double Jeopardy Clause will bar retrial after a defendant
successfully moves for mistrial only when it is shown that the prosecutor engaged in conduct that
was “intended to provoke the defendant into moving for a mistrial.” Oregon v. Kennedy, 456 U.S.
at 679, 102 S.Ct. at 2091. To be entitled to habeas corpus relief on double jeopardy grounds,
Appellant was required to establish by a preponderance of the evidence that he: (1) moved for
mistrial based on prosecutorial misconduct; (2) the motion was successful; and (3) the prosecutor’s
conduct was intended to provoke him into moving for a mistrial. See id.
            Appellant did not allege in his writ application or offer any proof at the hearing that he 
successfully moved for a mistrial on grounds of prosecutorial misconduct. In fact, Appellant stated
in his writ application that the mistrial was granted because the jury could not reach a verdict. 
Likewise, Appellant states in his brief that the trial court denied his request for a mistrial after the
court sustained his objection to the prosecutor’s argument. He also states that a mistrial was declared
because the jury was unable to reach a verdict. We have reviewed the reporter’s record introduced
into evidence by Appellant at the writ hearing and do not find anything to establish that Appellant
successfully moved for a mistrial on grounds of prosecutorial misconduct. Accordingly, we find that
Appellant failed to carry his burden of establishing by a preponderance of evidence that the trial
court granted Appellant’s request for a mistrial based on prosecutorial misconduct. Under these
facts, the Double Jeopardy Clause does not bar retrial. The trial court did not abuse its discretion
by denying the requested relief. We overrule Issue One and affirm the judgment of the trial court.


November 30, 2010                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.
Rivera, J., not participating

(Do Not Publish)